MAMUN HOSSAIN,

                    Petitioner,

    -vs-

WILLIAM P. BARR, Attorney General; ;
THOMAS FEELEY, Field Office Director
for Detention and Removal Buffalo
Field Office Bureau of Immigration
and Customs Enforcement Department of
Homeland Security; and JEFFREY
SEARLS, Facility Director, Buffalo
Federal Detention Facility,

                    Respondents.

**No. 6:19-cv-06389-MAT**
**DECISION AND ORDER**

## I. Introduction

Proceeding *pro se*, Mamun Hossain ("Hossain" or "Petitioner") commenced this habeas proceeding pursuant to 28 U.S.C. § 2241 ("§ 2241") against the named Respondents (hereinafter, "the Government") challenging his continued detention in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). For the reasons discussed below, the request for a writ of habeas corpus is denied and the petition is dismissed without prejudice.

## II. Factual Background and Procedural History

Hossain, a native and citizen of Bangladesh, encountered a Border Patrol Agent on June 23, 2018, after entering the United States from Mexico. Hossain was arrested, and he admitted entering the united States without being inspected by an

immigration officer and lacking the necessary legal documents to enter, pass through, or remain in the United States. Because Hossain was encountered by border authorities within 100 miles of the border and within fourteen days of his entry into the United States, he was statutorily subject to expedited removal proceedings.

However, Hossain claimed a fear of persecution if he were returned to Bangladesh. He was afforded an interview with an asylum officer who determined his fear was credible. Accordingly, Hosassin was transferred from expedited removal proceedings to standard immigration removal proceedings by means of a a Notice to Appear ("NTA") served on September 18, 2018. The NTA charged him with subject to removal pursuant to Immigration and Nationality Act ("INA") § 212(a)(7)(A)(i)(I) as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the INA, a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General, and § 212(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled, or who has arrived in the United States at any time or place other than as designated by the Attorney General. A removal hearing was scheduled for October 31, 2018.

Also on September 18, 2018, Hossain was notified that, following a custody determination, DHS would continue to detain Petitioner pending a final administrative determination in his immigration proceedings. Hossain signed the custody determination form notifying him of the decision but did not request or waive review of DHS's determination by an immigration judge ("IJ"). Nonetheless, on September 24, 2018, DHS accepted for filing Hossain's motion for an individualized bond hearing before an IJ.

The requested bond hearing was held on October 30, 2018, after which the IJ denied bond. DHS records indicate that Hossain never appealed the bond decision to the Board of Immigration Appeals ("BIA").

Hossain's removal hearing, scheduled for October 30, 2018, was adjourned at his request so that he could retain counsel. The hearing was rescheduled to November 20, 2018.

On November 16, 2018, Petitioner was transferred to the Buffalo Federal Detention Facility, in Batavia, New York.

When he appeared on November 20, 2018, before the IJ, Hossain indicated his intention to file a Form I-589 Application for Asylum and Withholding of Removal. The IJ adjourned the merits hearing to allow Hossain to file his Form I-589, and rescheduled the hearing to February 11, 2019.

On December 21, 2018, Hossain's counsel requested that the hearing scheduled for February 11, 2019, be adjourned due to a

scheduling conflict. The IJ granted the motion and adjourned the hearing.

The Executive Office of Immigration Review ("EOIR") cancelled the April 1, 2019 hearing date and set a new hearing date for April 23, 2019.

DHS received Hossain's amended Form I-589 Application for Asylum and Withholding of Removal on March 13, 2019.
At the merits hearing on April 23, 2019, the IJ denied Hossain's applications for relief from removal and ordered him removed to Bangladesh. On May 17, 2019, Hossain appealed the IJ's order of removal to the BIA.

Hossain filed the instant petition (Docket No. 1) on May 23, 2019. The Government filed an answer and return with supporting exhibits (Docket No. 4) and memorandum of law in opposition (Docket No. 5). Hossain filed a reply on July 25, 2019 (Docket No. 6). Hossain's immigration counsel filed a notice of appearance on August 22, 2019. Hossain filed a *pro se* motion for miscellaneous relief (Docket No. 8) in which he sought to file additional exhibits and also requested immediate release from custody. On October 3, 2019, the Court issued a text order (Docket No. 10) granting the motion solely to the extent that Hossain sought permission to submit additional exhibits.

On October 8, 2019, Hossain's immigration attorney filed a letter (Docket No. 11) attaching a copy of the BIA's order

reversing the IJ's decision denying Hossain's applications for relief from removal. The BIA concluded that Hossain established that he has suffered past persecution (beatings and death threats by Awami League Members) on account of a protected ground, namely, his political opinion (as a supporter of the Bangladesh National Party) and his imputed political opinion (as a close associate of a prominent BNP member). The BIA accordingly remanded the record for DHS to rebut the regulatory presumption of future persecution, either by proving that there has been a fundamental change in circumstances in Bangladesh such that Hossain no longer has a well-founded fear of persecution on account of a ground protected, or that he could avoid future persecution by relocating to another part of Bangladesh and that, under all the circumstances, it would be reasonable to expect him to do so. In addition, the BIA directed the IJ to consider Bangladesh's government's "willingness and ability to protect [Hossain] for asylum and withholding purposes, or a public official's 'acquiescence' in likely torture for protection purposes." Docket No. 11-1, p. 4 of 4. Finally, the IJ was directed to reassess Hossan's application for protection under Article III of the United Nation's Convention Against Torture ("CAT").

**III. Scope of Review**

Title 28 U.S.C. § 2241 grants this Court jurisdiction to hear habeas corpus petitions from aliens claiming they are held "in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3)). However, the REAL ID Act of 2005, Pub. L. No. 109-13, § 106(a), 199 Stat. 231 (May 11, 2005) amended the Immigration and Nationality Act ("INA") to provide that petitions for review filed in the appropriate Courts of Appeals were to be the "sole and exclusive means for judicial review" of final orders of removal. *Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 113 (2d Cir. 2008) (citing REAL ID Act § 106(c); 8 U.S.C. § 1252(a)(5)). In other words, the REAL ID Act "strips district courts of jurisdiction to hear habeas petitions challenging final orders of deportation. . . ." *De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 615-16 (2d Cir. 2007). District courts still are empowered to grant relief under § 2241 to claims by aliens under a final order of removal who allege that their post-removal-period detention and supervision are unconstitutional. *See Zadvydas*, 533 U.S. at 687-88; *see also Hernandez v. Gonzales*, 424 F.3d 42, 42–43 (1st Cir. 2005) ("The Real ID Act deprives the district courts of habeas jurisdiction to review orders of removal, . . . [but] those provisions were not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal orders.'") (quoting H.R. Cong. Rep. No. 109-72, at *43 2873 (May 3, 2005)).

Although this Court has jurisdiction to decide statutory and constitutional challenges to civil immigration detention, it does not have jurisdiction to review the discretionary decisions of the Attorney General. *Zadvydas*, 533 U.S. at 688 (citing 8 U.S.C. § 1252(a)(2)(B)(ii)) ("[N]o court shall have jurisdiction to review . . . any other decision or action of the Attorney General . . . the authority of which is specified under this subchapter to be in the discretion of the Attorney General."). "[W]hether the district court has jurisdiction will turn on the substance of the relief that a [petitioner] is seeking." *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011) (*per curiam*).

**IV. Discussion**

    **A. Overview of Petitioner's Claims**

Because Hossain is proceeding *pro se*, this Court holds his submissions "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Hossain asserts that, contrary to the Government's assertion, he is detained under 8 U.S.C. § 1226(a) rather than *id.* § 1225(b), and that he is entitled to relief under Section 2241 on the following grounds: (1) his detention violates 8 U.S.C. § 1226(a); (2) his detention without a hearing at which the Government demonstrates by clear and convincing evidence that he is a flight risk or a danger to the community violates his right to procedural due process under the Fifth Amendment; (3) his prolonged detention violates his right

-7-

to substantive due process under the Fifth Amendment; and (4) his detention violates the Eighth Amendment's Excessive Bail Clause. The Government contends that the claims relating to the adequacy of the bond hearing Hossain received are unexhausted and without merit, and that his detention has not become unreasonably prolonged. Hossain has not responded to the Government's exhaustion argument.

### B. Prudential Exhaustion Requirement

"A habeas petitioner must normally exhaust administrative remedies before seeking federal court intervention." *Michalski v. Decker*, 279 F. Supp.3d 487, 495 (S.D.N.Y. 2018) (citing *Monestime v. Reilly*, 704 F. Supp.2d 453, 456 (S.D.N.Y. 2010) (further citations omitted)). While Section 2241 does not include a statutory exhaustion requirement, courts have generally required exhaustion as a "'prudential matter.'" *Michalski*, 279 F. Supp.3d at 495 (quoting *Paz Nativi v. Shanahan*, No. 16-CV-8496(JPO), 2017 WL 281751, at *1 (S.D.N.Y. Jan. 23, 2017) (citing *Araujo-Cortes v. Shanahan*, 35 F. Supp.3d 533, 538 (S.D.N.Y. 2014); *Howell v. INS*, 72 F.3d 288, 291 (2d Cir. 1995) ("Under the doctrine of exhaustion of administrative remedies, 'a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself.'") (quoting *Guitard v. U.S. Sec'y of Navy*, 967 F.2d 737, 740 (2d Cir. 1992))). Likewise, the immigration regulations relating to bond do

not contain an exhaustion requirement. Rather, when an IJ denies an immigrant release on bond, that decision may be appealed to the BIA. *See* 8 C.F.R. § 1236.1(d)(3) ("An appeal relating to bond and custody determinations may be filed to the Board of Immigration Appeals. . . ."); 8 C.F.R. § 1003.19(f) ("An appeal from the determination by an Immigration Judge may be taken to the Board of Immigration Appeals pursuant to § 1003.38."); 8 C.F.R. § 1003.38(b) ("The Notice of Appeal to the Board of Immigration Appeals of Decision of Immigration Judge (Form EOIR-26) shall be filed directly with the Board of Immigration Appeals within 30 calendar days after the stating of an Immigration Judge's oral decision or the mailing of an Immigration Judge's written decision. . . . A Notice of Appeal (Form EOIR-26) may not be filed by any party who has waived appeal.").

The Government asserts that there is no evidence that Hossain ever appealed IJ's decision denying bond to the BIA. *See* Declaration of Deportation Officer Keith Oliveri (Docket No. 4-1) ¶ 11 ("There is no indication in DHS records that Petitioner ever appealed the IJ's decision regarding bond, and therefore no formal written memorandum was generated with respect to the hearing. If Petitioner had appealed the bond decision, a notice of appeal and a notice of receipt of the appeal by the Board of Immigration Appeals ("BIA") would have been received and stored by DHS."). Hossain does not dispute this assertion.

The Court finds that it is inappropriate to waive the prudential exhaustion requirement in this case. "Courts may require prudential exhaustion if '(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.'" *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quotation and citation omitted); *see also, e.g.*, *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975). The first factor weights in favor of requiring exhaustion because there is a clearly established administrative scheme for dealing with custodial determinations, including an appeals process to the BIA. *Resendiz v. Holder*, No. C 12-04850 WHA, 2012 WL 5451162, at *4 (N.D. Cal. Nov. 7, 2012). And, consideration of the bond claim by the BIA is necessary to generate a proper record. Because there was no bond memorandum generated due to Hossain's failure to appeal the IJ's decision to the BIA, the only document in the record regarding the bond hearing is a check-the-box form indicating that bond was denied and that Hossain had reserved his right to appeal. There is no explanation whatsoever as to why the IJ denied bond which leaves the Court unable to conduct a meaningful review of Hossain's claim that the wrong standard of proof was applied at the bond hearing.

The second factor also weighs in favor of requiring exhaustion as a prudential matter. "To allow petitioners to circumvent the appeals procedure and petition the district court for the same relief that could have been sought before the BIA would 'encourage the deliberate bypass of the administrative scheme.'" Resendiz, 2012 WL 5451162, at *4 (quoting *Puga*, 488 F.3d at 815).

Where, as here, "an exhaustion requirement is judicially imposed instead of statutorily imposed, a number of exceptions apply that allow courts to excuse a party's failure to exhaust administrative remedies[:] . . . (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003), *as amended* (July 24, 2003) (quotation omitted). "However, merely because exhaustion requirements are prudential does not mean that they are without teeth. Even prudential exhaustion requirements will only be excused in a narrow set of circumstances." *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007). In particular, "to invoke the futility exception to exhaustion, a party must 'provide a clear showing' of futility before the District Court." *Id.* (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)).

Notably, neither Hossain nor his immigration attorney (who has appeared in this matter but has not filed any substantive pleadings) has asserted any reason why he should be excused from the prudential exhaustion requirement, much less made a "clear showing" that exhaustion would be futile. The Court observes that even if Hossain believes that his arguments on administrative appeal are unlikely to persuade the BIA to reverse the IJ's custody determination, that is not enough to establish futility. *Torres v. Decker*, No. 18-CV-10026 (VEC), 2018 WL 6649609, at *3 (S.D.N.Y. Dec. 19, 2018 (citing *Beharry*, 329 F.3d at 62 ("That [petitioner's] argument would likely have failed [before the BIA] is not tantamount to stating that it would have been futile to raise it. . . .")).

Further, even assuming that an appeal to the BIA more than likely would be rejected as untimely,[1] the Court cannot find that futility has been established. For instance, were the BIA to dismiss his appeal as untimely, Hossain could file a motion to have the BIA reconsider the timeliness finding. *See In Re Edilzar Lopez*, 22 I. & N. Dec. 16, 16 (BIA 1998) ("Where the Board of Immigration Appeals dismisses an appeal as untimely, without

---

[1] *See, e.g.*, *In Re: Juan Carlos Ramirez Romero*, No. : AXX XX1 137 - LOS, 2004 WL 2374862, at *1 (DCBABR Aug. 26, 2004) (*per curiam*) (unpublished opn.) (dismissing appeal of IJ's oral decision because it was filed more than 30 calendar days after the issuance of the ruling) (citing 8 C.F.R. § 1003.38(b)(c)).

adjudication on the merits, the Board retains jurisdiction over a motion to reconsider its dismissal of the untimely appeal to the extent that the motion challenges the finding of untimeliness or requests consideration of the reasons for untimeliness[, such as ineffectiveness of counsel]."); *see also In Re: Juan Carlos Ramirez Romero*, 2004 WL 2374862, at *1 (noting that because it "dismissed the appeal for lack of jurisdiction, either party wishing to file a motion in this case should follow the following guidelines: If you wish to file a motion to reconsider challenging the finding that the appeal was untimely, you must file your motion with the Board. However, if you are challenging any other finding or seek to reopen your case, you must file your motion with the Immigration Court.") (citations omitted). It is therefore possible that the BIA ultimately could accept a late appeal and find that the evidence proffered at Hossain's bond hearing was insufficient to establish he is a flight risk and thus could grant him release on bond, thereby mooting the constitutional and statutory challenges he raises here. *Torres*, 2018 WL 6649609, at *2 (citing *Michalski v. Decker*, 279 F. Supp.3d 487, 496 (S.D.N.Y. 2018) ("And even if the immigration judge denies bond, [the] petition could be mooted if the Board of Immigration Appeals reverses that determination."); *Cepeda v. Shanahan*, No. 15-CV-09446, 2016 WL 3144394, at *2 (S.D.N.Y. Apr. 22, 2016) ("The BIA may find that the evidence proffered at [Petitioner's] bond hearing did not sufficiently

establish his danger to the public, rendering [his] claim in this Court moot.")). An "administrative appeal, therefore, provides a 'genuine opportunity for adequate relief,'" *Torres*, 2018 WL 6649609, at *2 (quoting *Beharry*, 329 F.3d at 62 (citation omitted in original)), "that would render unnecessary 'a new [bond] hearing for [Petitioner] that meets the standards demanded in his petition[.]'" *Id.* (quotation to record omitted).

To the extent the petition can be read to suggest that he will suffer irreparable harm from his continued detention, thereby excusing him from exhaustion, there is "much authority" foreclosing this argument. *Torres v. Decker*, 2018 WL 6649609, at *3 (citing *Michalski*, 279 F. Supp.3d at 496 ("[Petitioner's] claim that prolonged detention constitutes an irreparable injury that may excuse exhaustion has been rejected by courts in this District."); *Giwah v. McElroy*, No. 97-CV-2524, 1997 WL 782078, at *4 (S.D.N.Y. Dec. 19, 1997) ("If incarceration alone were the irreparable injury complained of, then the exception would swallow the rule that the INS administrative remedies must be exhausted before resorting to the federal courts."); other citation omitted).

In sum, the Court finds that Hossain has not established any of the exceptions to prudential exhaustion and that the purposes underlying the prudential exhaustion requirement would be disserved by entertaining the petition at this juncture. Therefore, the petition is dismissed without prejudice.

**V. Conclusion**

For the foregoing reasons, the petition is dismissed due to Petitioner's failure to exhaust administrative remedies. The dismissal is without prejudice. The Clerk of Court is directed to close this case.

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated: November 13, 2019
Rochester, New York.